IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROSWELL TIMOTHY BROWN                                              PLAINTIFF

vs.                                                 CIVIL ACTION NO. 3:14CV156-SAA

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

**MEMORANDUM OPINION**

      This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Roswell Timothy Brown for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed an application for benefits on April 28, 2011, alleging disability beginning on October 10, 2010. Docket 1, p. 147-58. Plaintiff's claim was denied initially on July 22, 2011, and upon reconsideration on October 11, 2011. *Id.* at 48-59, 64-72. He filed a request for hearing and was represented by counsel at the hearing held on February 22, 2013. *Id.* at 24-45. The Administrative Law Judge (ALJ) issued an unfavorable decision on March 11, 2013, and on May 19, 2014, the Appeals Council denied plaintiff's request for a review. *Id.* at 9-19, 1-3. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

      Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

1

## I. FACTS

Plaintiff was born on July 25, 1958 and has a twelfth grade education. Docket # 11, p. 147, 176. His past relevant work was as a automobile mechanic or auto-repair shop foreman. *Id.* at 177. He contends that he became disabled before his application for benefits as a result of a nervous breakdown. *Id.* at 176.

The ALJ determined that plaintiff suffered from the medically determinable impairments of "substance addiction, generalized atrophy of brain, and depression," but that he did not have "an impairment or combination of impairments that [have] significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore the claimant does not have a severe impairment or combination of impairments." Docket 11, p. 14. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.* at 19.

Plaintiff claims that the ALJ erred because she did not properly evaluate his impairments when determining whether plaintiff's impairments were severe. Docket 16

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

2

must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

*Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends that the ALJ did not properly evaluate the plaintiff's impairments under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). Although he acknowledges that the ALJ did properly cite *Stone*, he asserts that the ALJ did not properly apply the *Stone* standard. Docket 16, p. 6-10. Specifically, plaintiff argues that his dementia is severe enough that it has more than a minimal effect on his ability to do basic work activities. *Id.* at 7. Additionally,

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

plaintiff alleges that the ALJ engaged in "cherry picking" when evaluating the severity of plaintiff's impairment. The Commissioner responds that because plaintiff's impairment is only a slight abnormality with only minimal effect on plaintiff and is not expected to interfere with his ability to work, it is not "severe." Docket 17, p. 4. Additionally, the Commissioner noted that the ALJ satisfied *Stone* by both citing to *Stone* and applying the proper standard. *Id.* at 5.

The court has thoroughly reviewed the record and concludes that the ALJ properly evaluated the severity of plaintiff's impairment. The record is clear that his treatment was related to alcoholism, and that he responded well to the treatment such that his alleged impairment is not expected to interfere with his ability to work. Contrary to plaintiff's testimony that his inpatient treatment was necessitated by a "nervous breakdown," the record only reflects treatment for alcohol dependence and a few visits to Timer Hills Mental Health Center for memory issues that were resolved with medication. Docket 11, p. 207, 331-38. For instance, plaintiff was admitted to Baptist Memorial Hospital on November 13, 2010 for alcohol withdrawal. *Id.* His records note that "his condition got improved after a few days of hospital stay. . ." His discharge diagnosis was alcohol withdrawal, peripheral neuropathy secondary to alcohol, recurrent falls and history of alcohol abuse. *Id.* Similarly, notes from the Mississippi State Hospital dated November 2010 relate that his diagnosis was alcohol dependency and dementia secondary to alcohol abuse during a commitment from Desoto County for treatment of alcohol abuse. Docket 11, p. 277.

As indicated by the ALJ, plaintiff's daily activities do not support a finding of a severe impairment. Plaintiff himself advised Dr. Raby, an examining physician, that he is able to care for himself, assist his wife with housekeeping activities such as cleaning, cooking, laundry, yard

work, mowing the lawn, washing his car, and reading the newspaper. Docket 11, p. 292. Additionally, plaintiff was able to perform all of the mental tasks asked of him by the examiner. *Id.*

As for his memory issues, plaintiff contends that the ALJ did not properly consider the records from Timber Hills that note concern about possible early onset Alzheimer's and the presence of lacunas or gaps in memory. Docket 16, p. 10. Interestingly, plaintiff only sought treatment for these gaps in memory after the Commissioner denied benefits at the reconsideration level. Despite this apparent attempt to obtain evidence of a disability, the ALJ fully considered plaintiff's treatment by Dr. Stanley. Dr. Stanley did note lacunas and a desire to rule out early onset Alzheimer's on the first visit (Docket 11, p. 331-32), but upon plaintiff's follow-up appointment just two months later, he found "no evidence of thought, mood, or perceptual disorder. Attention and concentration are fair. Recent and remote memory are age appropriate. . . ." *Id.* at 338.

Plaintiff has not provided any opinion from any physician indicating that he suffers from impairments greater than those found by the ALJ or to support his assertion that he experienced a nervous breakdown or has dementia that is more severe than the ALJ found. The court finds the objective evidence, the opinions from consultative and the treating physicians and the testimony of plaintiff and statement of his brother provided sufficient evidence for the ALJ to evaluate plaintiff's impairment and to make the ultimate decision regarding disability. The ALJ reviewed the entire record, properly identified the relevant impairments, fully discussed the evidence that was contained in the record and concluded that the balance tipped toward functional ability in determining whether the plaintiff's impairment was severe. He performed a thorough analysis of

the plaintiff's impairment and properly considered both the treatment records of the plaintiff's treating physicians and the records of consultative exams performed at the ALJ's request. The plaintiff did not provide credible evidence that his alleged impairment affects his ability to work, and the ALJ adequately explained his reasons for concluding that plaintiff's impairment is not so severe that he is unable to perform routinely work activities. The ALJ's opinion is supported by substantial evidence and should be affirmed.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 2nd day of March, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE